UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSEILLES D. WOODLEY,

      Petitioner,

v.

JOHN DAVIDS,

      Respondent.

                            /

Case No. 2:17-cv-11468

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PETITIONER'S MOTION
TO HOLD PETITION FOR WRIT OF HABEAS CORPUS
IN ABEYANCE [11] AND ADMINISTRATIVELY CLOSING THE CASE**

On May 5, 2017, Petitioner Marseilles D. Woodley, confined at the Ionia Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and challenged his convictions for first-degree murder, M.C.L.A. 750.316(1)(a); assault with intent to murder, M.C.L.A. 750.83; felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. ECF 1. On May 15, 2017, the Court granted Petitioner's motion to hold his petition in abeyance while he exhausted additional claims in the state courts. ECF 4. On July 10, 2019, the Court granted Petitioner's motion to lift the stay and to reopen the proceedings. ECF 8. Petitioner's amended complaint was also accepted as filed. ECF 7, 8. On October 31, 2019, Petitioner field a second motion to hold his petition in abeyance while he exhausts additional claims in state court based on newly discovered evidence. ECF 11. For the following reasons, the Court will grant Petitioner's motion.

1

The Court is authorized to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See, e.g.*, *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 77–79 (1st Cir. 2002) ("When unusual circumstances—rather than a flaw in the petition itself—make it imprudent to address the § 2254 petition immediately, the collateral attack should be stayed rather than dismissed.") (quotations and alteration omitted). Moreover, the Court bears a "heavy obligation to exercise jurisdiction" over a timely filed habeas petition, *id.* at 82 (quotations omitted), to avoid improper preclusion of federal review. *Hargrove v. Brigano*, 300 F. 3d 717, 720–21 (6th Cir. 2002).

Additionally, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015). A stay will not prejudice Respondent, whereas without a stay Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts" and potentially facing "the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements[.]" *Id.* at 943.

Here, Petitioner claims that he may have potential *Brady* violations claims based on newly discovered evidence. ECF 11, PgID 145. But a motion for relief from judgment at the state court would be his second motion for relief filed, and generally, under M.C.R. 6.502(G)(1), a defendant can only file one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005). M.C.R. 6.502(G)(2), however, states that a defendant may

file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or based on a claim of new evidence that was not discovered before the first motion. *Id*. at 418. Because Petitioner may fall under the newly discovered evidence exception and therefore may be permitted to bring a second motion for relief in state court, the Court will hold his petition in abeyance while he pursues his unexhausted claims in state court. *See Cunningham v. Hudson*, 756 F.3d 477, 485–87 (6th Cir. 2014).

To ensure there are no delays, the Court will impose reasonable time limits for Petitioner "to present claims to state courts and return to federal court[.]" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Accordingly, Petitioner must initiate his state post-conviction remedies within 60 days of receiving this Court's order and return to federal court within 60 days of completing the exhaustion of state court postconviction remedies. *Hargrove*, 300 F. 3d at 721.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to hold petition for writ of habeas corpus [2] is **GRANTED** and the proceedings are **STAYED**.

**IT IS FURTHER ORDERED** that Petitioner must **FILE** a motion for relief from judgment in state court **within 60 days** of receipt of this order. He shall **NOTIFY** the Court in writing that the state-court motion has been filed. If he fails to file a motion in state court or fails to notify the Court **within 60 days** of receipt of

this order, the Court will lift the stay, reinstate the first amended petition for writ of habeas corpus, and address only the claims raised in the first amended petition.

**IT IS FURTHER ORDERED** that after Petitioner fully exhausts his additional claims in state court, he shall **FILE** an amended petition that includes the additional claims **within 60 days** after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. If he fails to do so, the Court will lift the stay, and address only the claims raised in the first amended petition.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Upon receipt of a motion to reinstate the petition following exhaustion of state remedies, the Court may order the Clerk to reopen the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: November 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2019, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager

4